**GREBEN & ASSOCIATES**
125 E. DE LA GUERRA ST., STE 203
SANTA BARBARA, CA 93101
TEL: 805-963-9090
FAX: 805-963-9098

Jan A. Greben, SBN 103464
jan@grebenlaw.com
Christine M. Monroe, SBN 304573
christine@grebenlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN GATE WAY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ENERCON SERVICES, INC., an Oklahoma corporation; ERM-West, Inc., a/k/a Environmental Resource Management, a California corporation; and Does 1-50, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Golden Gate Way, LLC ("Plaintiff") complains and alleges as follows.

**JURISDICTION**

1. Plaintiff's claims arise out of the environmental contamination at and around the real property commonly known as 3421, 3423 and 3425 Golden Gate Way, Lafayette, California 94549 ("Subject Property").

2. This action arises under the federal Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et. seq. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 2201, et seq., 42 U.S.C. §

|   |   |   |
|---|---|---|
| 1 |    | 9607 and 9613, and Federal Rules of Civil Procedure, Rule 57. The federal and state claims alleged herein are based on the same set of operative facts and circumstances. Judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises jurisdiction over the state claims. |
| 5 | 3. | Intradistrict Assignment, pursuant to Civil Local Rule 3-5(b), and venue, under the provisions of 28 U.S.C. § 1391, et. seq., are proper because the Subject Property and a substantial portion of the events, acts and/or omissions giving rise to these claims occurred in this judicial district. |

## PARTIES

4. Plaintiff, Golden Gate Way, LLC is a California limited liability company.

5. Enercon Services Inc. is an Oklahoma corporation that was at all times relevant doing business in California as Enercon Services Inc. and/or Oklahoma Enercon Services Inc.

6. ERM-West, Inc., is a California corporation and was at all times relevant doing business in California as ERM-West, Inc. and/or Environmental Resource Management.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of cross-defendants identified herein as Does 1-50, inclusive, are unknown to Plaintiff, who therefore sue said cross-defendants by fictitious names. Plaintiff alleges that each of the Doe Defendants designated herein are legally responsible in some manner – either by way of their employment, agency or relationship with Defendants or through their control of and actions and/or omissions at and around the Subject Property, for the events and happenings herein referred to and proximately caused injury and damages to Plaintiff as herein alleged. Each such Doe Defendant was the directors, officers, employees, contractors, subcontractors, consultants, subconsultants, agents or acting under the direction of any or all other Defendants and in doing the things alleged was acting within the scope and purpose of said agency and/or employment.

**GENERAL ALLEGATIONS**

8. Plaintiff is the owner of the Subject Property.

9. Based on information and belief, that between approximately 1956 and 1999, a dry cleaner operated at the Subject Property and used, handled and released perchloroethene ("PCE"), a solvent commonly used in the dry cleaning business.

10. Perchloroethene and its associated byproducts and breakdown products, including but not limited to trichloroethene, cis-1,2-dischloroethene and vinyl chloride, (collectively referred to herein as chlorinated volatile organic compounds or "CVOCs") are present in the soil, groundwater and soil vapor at and around the Subject Property.

11. Plaintiff has been required to investigate the contamination at and around the Subject Property under the oversight of the California Regional Water Quality Control Board, San Francisco Bay Region ("Regional Board") under one or more cleanup orders issued by the Regional Board.

12. Plaintiff has incurred costs of response and will continue to incur costs to investigate and address the contamination at the Subject Property. and to respond to the Regional Board.

**Enercon Services, Inc.**

13. Enercon Services, Inc. ("Enercon"), at all times relevant between approximately 2008 and 2009, was an environmental consulting company engaged in contamination investigation at the Subject Property.

14. Enercon drilled borings at the Subject Property. Based on information and belief, Enercon drilled and installed at least one boring, B-1, that created an open conduit for the release, escape and/or movement of contaminants, including CVOCs, resulting in the spread of contamination.

15. Enercon caused, allowed, maintained and failed to prevent or mitigate the release of contaminants. Based on information and belief, when drilling the borings at and around the Subject Property, including at least boring B-1, Enercon encountered dense non-aqueous phase liquid ("DNAPL") and created an open conduit. Enercon failed to prevent or mitigate

the release, escape of leaking of the DNAPL because Enercon left the conduit open without taking proper actions.

16. Enercon selected, implemented and controlled the drilling procedures that caused contaminants to be released and migrate into previously uncontaminated areas.

17. As a result of Enercon's actions and omissions, the contamination plume has been exacerbated, including the release and spread of contaminants into previously uncontaminated areas.

18. As a direct and proximate result of Enercon's negligent operations, actions and omissions at and near the Subject Property in which Enercon caused, allowed, maintained, failed to prevent, clean up or mitigate the release of contaminants, the contamination plume has been exacerbated, including the release and spread of contaminants into previously uncontaminated areas.

### ERM-West Inc.

19. ERM-West Inc. ("ERM") was at all times relevant between approximately 2009 and 2015, was an environmental consulting company engaged in contamination investigation at the Subject Property.

20. ERM performed investigations, including: advancing boring SB-1, installing monitoring well MW-03 and conducting pilot tests at the Subject Property.

21. Based on information and belief, the boring drilling, well installation and injections performed by ERM caused the release, escape, displacement, push, migration, and/or movement of contaminants, including CVOCs, resulting in the spread of contamination.

22. Based on information and belief, when drilling the borings at and around the Subject Property, including at least boring SB-1 and MW-03, ERM encountered DNAPL and created a conduit for release of CVOCs to previously uncontaminated areas. ERM caused, allowed, maintained and failed to prevent or mitigate the release of contaminants.

23. Based on information and belief, ERM injected a slurry with approximately 16,000 pounds of zero valent iron ("ZVI") into the subsurface in an area of DNAPL, hence displacing and causing contamination to be mobilized to previously uncontaminated areas.

24. ERM selected, implemented and controlled the drilling, well construction and pilot test procedures that caused contaminants to be released and migrate into previously uncontaminated areas.

25. As a result of ERM's actions and omissions, the contamination plume has been exacerbated, including the release and spread of contaminants into previously uncontaminated areas.

26. As a direct and proximate result of ERM's negligent operations, actions and omissions at and near the Subject Property in which ERM caused, allowed, maintained, failed to prevent, clean up or mitigate the release of contaminants, the contamination plume has been exacerbated, including the release and spread of contaminants into previously uncontaminated areas.

# CLAIMS FOR RELIEF

# FIRST CLAIM FOR RELIEF

### Cost Recovery Pursuant to CERCLA § 107(a)

(Against All Defendants and Does 1-50)

27. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs of this Complaint as though fully set forth herein.

28. All of the contaminants identified in this Complaint, including CVOCs, are located in the soil, soil gas and/or groundwater at, on or under the Subject Property and surrounding areas, and are "hazardous substances" within the meaning of CERCLA, 42 U.S.C. § 9601(14).

29. Plaintiff's Subject Property is a "facility" within the meaning of CERCLA, 42 U.S.C. § 9601(9).

30. Defendants, and each of them, are liable for the contamination at the Subject Property pursuant to CERLCA, 42 U.S.C. § 9607 (a)(2) because Defendants, and each of them, at all times relevant conducted work and operations, including the authority to control the release of the contamination, at and around the Subject Property at the time there was a release and disposal of said hazardous substances into the soil, soil gas and/or groundwater at and surrounding the Subject Property.

31. Defendants, and each of them, are liable for the contamination at the Subject Property pursuant to CERLCA, 42 U.S.C. § 9607 (a)(3) because Defendants, and each of them, arranged for the disposal of said hazardous substances into the soil, soil gas and/or groundwater at and surrounding the Subject Property and have caused the release, spread, migration and exacerbation of the contamination into previously uncontaminated areas and adjacent locations at and surrounding the Subject Property.

32. Defendants, and each of them, are liable for the contamination at the Subject Property pursuant to CERCLA, 42 U.S.C. § 9607 (a)(4) because Defendants, and each of them, transported said hazardous substances into the soil, soil gas and/or groundwater at and surrounding the Subject Property and have caused the release, spread, migration and exacerbation of the contamination into previously uncontaminated at and surrounding the Subject Property.

33. The hazardous substance releases and disposal at the Subject Property constitute a "disposal" within the meaning of CERCLA, 42 U.S.C. § 9601(29).

34. Plaintiff has incurred, and will continue to incur, necessary response costs, including costs of investigation, removal and/or remedial actions in the investigation, cleanup and abatement of the releases and threatened releases of CVOCs identified in this Complaint from Defendants' work, control and activities at the Subject Property. All of the necessary costs of response have been incurred and will continue to be incurred by Plaintiff are as a result of the contamination of the Subject Property and surrounding areas, caused by Defendants.

35. All costs incurred and to be incurred by Plaintiff are necessary costs of response consistent with the provisions of CERCLA, 42 U.S.C. § 9601, et seq. and the National Oil and Hazardous Substance Pollution Contingency Plan, also referred to as the National Contingency Plan.

36. Plaintiff continues to incur response costs and other costs in connection with the investigation of the Subject Property and surrounding areas. There has been no completion of any removal or remedial action, and no remediation action plan has been adopted.

37. Plaintiff seeks recovery of necessary costs of response pursuant to CERCLA, 42 U.S.C. § 9607 and payment from Defendants, and each of them, for Plaintiff's outlays of all past, present and future necessary response costs incurred in response to the release of the hazardous substances in and around the environment, including but not limited to the Subject Property and surrounding areas. The release and disposal of the CVOCs are continuing in nature.

38. Defendants, and each of them, are jointly and severally liable to Plaintiff pursuant to CERCLA, 42 U.S.C. § 9607 for all of the past, present and future necessary costs of response, including without limitation, the costs of investigation and remediation, attorney's fees and costs, consultant's fees and costs, regulatory and other oversight costs, and interest, in an amount to be determined at trial.

39. Pursuant to CERCLA, 42 U.S.C. § 9613 (g)(2), Plaintiff is entitled to a declaratory judgment against Defendants that Defendants, and each of them, are liable in any subsequent action by Plaintiff to recover further response costs, and other damages, incurred as a result of the hazardous substance contamination at and around the Subject Property as identified in this Complaint.

### SECOND CLAIM FOR RELIEF

### Contribution Pursuant to CERCLA § 113(f)

(Against All Defendants and Does 1-50)

40. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs of this Complaint as though fully set forth herein.

41. All of the contaminants identified in this Complaint, including CVOCs, are located in the soil, soil gas and/or groundwater at, on or under the Subject Property and surrounding areas, and are "hazardous substances" within the meaning of CERCLA, 42 U.S.C. § 9601(14).

42. Plaintiff's Subject Property is a "facility" within the meaning of CERCLA, 42 U.S.C. § 9601(9).

43. Defendants, and each of them, are liable for the contamination at the Subject Property pursuant to CERLCA, 42 U.S.C. § 9607 (a)(2) because Defendants, and each of them, at all

times relevant conducted work and operations, including the authority to control the release of the contamination, at and around the Subject Property at the time there was a release and disposal of said hazardous substances into the soil, soil gas and/or groundwater at and surrounding the Subject Property.

44. Defendants, and each of them, are liable for the contamination at the Subject Property pursuant to CERLCA, 42 U.S.C. § 9607 (a)(3) because Defendants, and each of them, arranged for the disposal of said hazardous substances into the soil, soil gas and/or groundwater at and surrounding the Subject Property and have caused the release, spread, migration and exacerbation of the contamination into previously uncontaminated at and surrounding the Subject Property.

45. Defendants, and each of them, are liable for the contamination at the Subject Property pursuant to CERLCA, 42 U.S.C. § 9607 (a)(4) because Defendants, and each of them, transported said hazardous substances into the soil, soil gas and/or groundwater at and surrounding the Subject Property and have caused the release, spread, migration and exacerbation of the contamination into previously uncontaminated at and surrounding the Subject Property.

46. The hazardous substance releases and disposal at the Subject Property constitute a "disposal" within the meaning of CERCLA, 42 U.S.C. § 9601(29).

47. Plaintiff has incurred, and will continue to incur, necessary response costs, including costs of investigation, removal and/or remedial actions in the investigation, cleanup and abatement of the releases and threatened releases of CVOCs identified in this Complaint from Defendants' work, control and activities at the Subject Property. All of the necessary costs of response have been incurred and will continue to be incurred by Plaintiff are as a result of the contamination of the Subject Property and surrounding areas, caused by Defendants.

48. All costs incurred and to be incurred by Plaintiff are necessary costs of response consistent with the provisions of CERCLA, 42 U.S.C. § 9601, et seq. and the National Oil and Hazardous Substance Pollution Contingency Plan, also referred to as the National Contingency Plan.

49. Plaintiff continues to incur response costs and other costs in connection with the investigation of the Subject Property and surrounding areas. There has been no completion of any removal or remedial action, and no remediation action plan has been adopted.

50. Plaintiff seeks recovery of necessary costs of response pursuant to CERCLA, 42 U.S.C. § 9613 and payment from Defendants, and each of them, for Plaintiff's outlays of all past, present and future necessary response costs incurred in response to the release of the hazardous substances in and around the environment, including but not limited to the Subject Property and surrounding areas. The release and disposal of the CVOCs are continuing in nature.

51. Plaintiff is entitled to one hundred percent contribution from Defendants or contribution and such other percentage as this Court deems appropriate pursuant to CERCLA, 42 U.S.C. § 9613(f)(1).

52. In the event liability should be established on the part of Plaintiff, which liability is expressly denied, Plaintiff is informed and believes that it has been and may be obligated to pay sums representing a percentage of liability that is not Plaintiff's own, but rather that of Defendants.

53. Defendants, and each of them, are jointly and severally liable to Plaintiff pursuant to CERCLA, 42 U.S.C. § 9613 for all of the past, present and future necessary costs of response, including without limitation, the costs of investigation and remediation, attorney's fees and costs, consultant's fees and costs, regulatory and other oversight costs, and interest, in an amount to be determined at trial.

54. Pursuant to CERCLA, 42 U.S.C. § 9613 (g)(2), Plaintiff is entitled to a declaratory judgment against Defendants that Defendants, and each of them, are liable in any subsequent action by Plaintiff to recover further response costs, and other damages, incurred as a result of the hazardous substance contamination at and around the Subject Property as identified in this Complaint.

///

///

///

**THIRD CLAIM FOR RELIEF**

**HSAA**

(Against All Defendants and Does 1-50)

55. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs of this Complaint as though fully set forth herein.

56. The Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code Sections 25300, 25395 (hereinafter the "HSAA") was enacted to encourage expedient cleanup of contaminated properties. To provide such encouragement, the legislature included the statutory right of indemnification for those parties who incur response costs and those parties who are responsible for the contamination. The responsible parties include owners and operators of the facilities at the time the alleged hazardous substance is allegedly discharged into the environment for such facility.

57. Plaintiff will/has provided notice to the necessary agencies in compliance with the statutory requirements upon filing this Complaint.

58. The Subject Property and all areas which there are contamination constitute a "site" or "facility" within the meaning of Health & Safety Code § 25323.9.

59. All of the contaminants identified in this Complaint, including CVOCs, are located in and around the Subject Property are "hazardous substances" within the meaning of Health & Safety Code § 25316.

60. The environmental contamination at and near the Subject Property resulted by the release(s) of hazardous substances by Defendants, and each of them. The acts and omissions by Defendants constitute a release within the meaning of Health & Safety Code § 25320.

61. Defendants, and each of them, are liable persons under HSAA under Health & Safety Code § 25319.

62. Defendants, and each of them, have violated existing federal, state and/or local laws at the time of their conduct giving rise to liability under HSAA, including but not limited to California Water Code § 13300, et. seq., including §§ 13304 and 13050(m), California

Health and Safety Code §§ 5411, 5411.5 and 1175555, and California Civil Code §§ 3479 and 3480.

63. Plaintiff has and will continue to incur costs arising from the hazardous substance contamination of the soil, soil gas and groundwater in and around the Subject Property, including and as a result of Defendants' acts and omissions described herein.

64. Plaintiff has and will continue to incur potential or actual liability as a result of Defendants' acts and omissions described herein.

65. Plaintiff is entitled to indemnification and contribution from Defendants, in whole or in part, based upon California Health & Safety Code § 26363, including but not limited to subdivision (d), and all other applicable provisions of the HSAA pursuant to the California Health & Safety Code.

## FOURTH CLAIM FOR RELIEF

### Continuing Private Nuisance

(Against All Defendants and Doe Defendants)

66. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs of this Complaint as though fully set forth herein.

67. Defendants, and each of them, through their conduct, actions and/or omissions, caused, created and/or permitted the contamination alleged in this Complaint by their negligence, systematic design, intention, recklessness or otherwise.

68. The contamination described herein constitutes a nuisance within the meaning of California Civil Code § 3479.

69. The contamination described herein constitutes a nuisance per se within the meaning of California Water Code § 13304, 13050(m) and California Civil Code § 3479. Plaintiff is in the class of persons protected under these statutes from the Defendants, and each of them, and their violations thereof as described herein.

70. Plaintiff did not participate in, and did not have control over Defendants' operations, conduct and/or omissions at the Subject Property.

71. Plaintiff did not consent to the ongoing damage to Plaintiff's Subject Property and surrounding areas as a result of Defendants' actions and inactions.

72. An ordinary person would be reasonably annoyed and disturbed by the existence and spread of contamination at and surrounding the Subject Property.

73. On information and belief, the contamination at and surrounding the Subject Property is continuing and abatable.

74. As an actual and proximate result of the nuisance, Plaintiff has and will continue to suffer physical damage to Plaintiff's Subject Property and will incur costs to respond to and abate the CVOCs contamination at and around the Subject Property, in an amount to be established at trial.

75. Plaintiff is entitled to injunctive relief against Defendants requiring each of them, jointly and severally, promptly and competently to take such action as may be necessary to abate the nuisance at the Subject Property as described herein and to reimburse Plaintiff for such damages and response costs already incurred to address the nuisance.

## FIFTH CLAIM FOR RELIEF

### Continuing Public Nuisance

(Against All Defendants and Doe Defendants)

76. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs of this Complaint as though fully set forth herein.

77. Defendants, and each of them, through their conduct, actions and/or omissions, caused, created, permitted, continued or maintained the contamination as alleged in this Complaint.

78. The contamination on and about the Subject Property constitutes a public nuisance within the meaning of California Civil Code §§ 3479 and 3480, and California Water Code § 13050(m).

79. On information and belief, the contamination is continuing and abatable.

80. As an actual and proximate result of the nuisance, Plaintiff has and will continue to suffer physical damage to Plaintiff's Subject Property and will incur costs to respond to and abate the CVOCs contamination at and around the Subject Property, in an amount to be established at trial.

81. The contamination caused by Defendants and each of them, has and will continue to harm, annoy and threaten the surrounding public and environment due to the nature of the hazardous substance releases, contamination and migration and the associated known risks and threat of harm to human health and the environment.

82. Plaintiff has suffered, and will continue to suffer, harm that is different from the type of harm suffered by the general public as a result of the nuisance as alleged herein because Plaintiff has been required to respond to public regulatory agency oversight and has incurred, and will continue to incur costs and expenses to investigate and respond to the contamination, including at the direction of public regulatory agencies such as the Regional Water Quality Control Board. Additionally, Plaintiff has suffered actual damage to the Subject Property as alleged in this Complaint.

83. Plaintiff did not consent to Defendants' actions or inactions, or the resulting contamination.

84. An ordinary person would be reasonably annoyed and disturbed by the existence and spread of contamination at and surrounding the Subject Property.

85. The conduct of Defendants, and each of them, as identified in this Complaint, which has resulted in contamination of soil, soil gas and groundwater at and around the Subject Property and surrounding areas constitutes a public nuisance, and in violation of California Water Code §§ 13050(m), 13304, 13350 and 13387; California Health and Safety Code §§ 5411, 5411.5 and 117555, and California Civil Code §§ 3479 and 3480, the purposes of which are to set a standard of care or conduct to protect Plaintiff, as well as all persons and property of the general public at large, and the environment, from the type of conduct engaged in by Defendants, and each of them.

86. Defendants, and each of them, have failed to comply with the laws and statutes as detailed above, and such improper activities and violations constitute a public nuisance per se.

87. As a direct and proximate result of Defendants and the nuisance they caused, Plaintiff has suffered damages described herein, including compensatory, incidental and general damages to be proven at trial. Plaintiff seeks abatement of the public nuisance, and all other legally available costs, damages, and interest.

88. Plaintiff is entitled to injunctive relief against Defendants requiring each of them, jointly and severally, promptly and competently to take such action as may be necessary to abate the nuisance at the Subject Property as described herein and to reimburse Plaintiff for such damages and response costs already incurred to address the nuisance.

## SIXTH CLAIM FOR RELIEF

### Continuing Trespass

(Against All Defendants and Doe Defendants)

89. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs of this Complaint as though fully set forth herein.

90. Defendants, and each of them, have trespassed and are trespassing on Plaintiff's Subject Property by causing and allowing hazardous substance contamination to remain at or about the Subject Property in soil, soil gas, groundwater and other areas of the Subject Property where CVOCs are located and remain.

91. Said contamination occurred as a result of the negligent, reckless and/or intentional, systematic conduct of the Defendants, and each of them.

92. On information and belief, Defendants, and each of them, failed to take reasonable and ordinary measures to prevent and/or properly abate the ongoing contamination and damage to the Subject Property despite having knowledge of their trespassory actions and omissions.

93. Plaintiff did not consent to the trespass, and does not accept the ongoing trespass, contamination and damage to the Subject Property as a result of Defendants' actions and omissions.

94. On information and belief, the contamination is continuing and abatable.

95. As an actual and proximate result of the trespass, Plaintiff has and will continue to suffer physical damage to Plaintiff's Subject Property and will incur costs to respond to, investigate, delineate and abate the CVOCs contamination at and around the Subject Property, in an amount to be established at trial.

96. Plaintiff is entitled to injunctive relief against Defendants requiring each of them, jointly and severally, promptly and competently to take such action as may be necessary to abate the

14
COMPLAINT

damage and contamination at the Subject Property as described herein and to reimburse Plaintiff for such damages and response costs already incurred to address the nuisance.

## SEVENTH CLAIM FOR RELIEF

### Declaratory Relief

(Against All Defendants and Doe Defendants)

97. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs of this Complaint as though fully set forth herein.

98. A determination of the proportionate degree of liability, if any, of Plaintiff on the one hand, and Defendants, and each of them, on the other hand, is necessary to protect the rights of Plaintiff.

99. An actual controversy has arisen and now exists relating to the legal rights and duties of Plaintiff and Defendants, and each of them, for which Plaintiff is informed and believes that Defendants deny the following.

100. That as between these parties, the responsibility, if any, for the damages claimed by Plaintiff rests entirely on Defendants;

101. That as a result, Defendants are obligated to partially or fully indemnify Plaintiff for sums that Plaintiff has been held, and may be held to pay as a result of any damages, judgments, settlements or other awards recovered against Plaintiff by the federal or state government or private parties as a result of the hazardous substance contamination of the Subject Property and surrounding properties and areas, including but not limited to, surface and sub-surface soil, soil gas and water; and

102. Plaintiff is informed and believe that Defendants deny any such liability.

103. Plaintiff is entitled to, and hereby requests, a judicial determination of Plaintiff's rights, indemnification and contribution, any declaration that Defendants and/or others, and not Plaintiff, are liable for all damages, as well as the costs incurred, and to be incurred to remove, cleanup and remediate the alleged hazardous substance contamination of the soil, soil gas and groundwater at and around the Subject Property.

**EIGHTH CLAIM FOR RELIEF**

**Implied Indemnity and/or Contribution**

(Against All Defendants and Doe Defendants)

104. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs of this Complaint as though fully set forth herein.

105. In the event liability should be established on the part of Plaintiff, which liability is expressly denied, Plaintiff is informed and believe that it has been or may be obligated to pay sums representing a percentage of liability that is not Plaintiff's own, but rather that of Defendants.

106. As between Plaintiff and Defendants, Defendants are solely responsible for all judgments, settlements, damages, costs and expenses relating to the contamination at and around the Subject Property.

107. Plaintiff requests an adjudication and determination with respect to degrees of liability, on Plaintiff's part, if any, and on the part of Defendants, so as to determine that portion of the amount, if any by which Plaintiff is found liable, which actually represents a portion of liability of Defendants or others.

108. Plaintiff requests an adjudication and determination that in the event that Plaintiff is subject to any administrative, legal or other proceeding, or are adjudged liable for any or all relief requested therein arising out of the contamination at and around the Subject Property, such liability is purely secondary, imputed or technical.  Defendants are primarily and actually liable as a direct and proximate result of their actions and omissions as described in this Complaint.

**NINTH CLAIM FOR RELIEF**

**Negligence**

(Against All Defendants and Does 1-50)

109. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs of this Complaint as though fully set forth herein.

110. Defendants, and each of them, breached their duties by negligently causing, permitting and/or contributing to the contamination and resulting damage at the Subject Property.

111. On information and belief, Defendants selected, implemented, and controlled the work, and procedures at and/or around the Subject Property that caused the release and spread of contaminants into previously uncontaminated areas.

112. On information and belief, Defendants conduct fell below the standard of care and was negligent, careless, reckless, sudden, accidental, or otherwise causing the release, transportation, spread, movement or otherwise, of CVOCs, including into soil, soil gas and/or groundwater at and around the Subject Property.

113. On information and belief, Defendants failed to promptly or reasonably contain or clean up the contamination at and around the Subject Property to prevent the further spread. As a result, the contamination caused by Defendants continues to impact Plaintiff and has not been remediated.

114. On information and belief, the contamination is abatable.

115. On information and belief, the contamination at and around the Subject Property would not have occurred absent some form of negligence on the part of Defendants, and the releases and spread of hazardous substances, including CVOCs, were caused by some act or omission that was in the exclusive control of Defendants.

116. Defendants' negligent acts and omissions constitute a negligence per se because their actions and omissions as described in this Complaint violate California Civil Code §§ 3281, 3282, and 3479; California Health & Safety Code §§ 5411, et seq.; California Water Code §§ 13000, et seq.; and Fish & Games Code §§ 5650, et seq., which provide a standard of care and duty of which Defendants are held.

117. Plaintiff is in the class of persons protected under these statutes.

118. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages in the form of hazardous substance contamination and related injury to the Subject Property and adjacent properties that will require repair, replacement and/or abatement as identified in this Complaint, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests judgment as follows:

1. For recovery and contribution from Defendants, and each of them, of all response costs incurred, and to be incurred by Plaintiff in response to the release and spread of hazardous substances, including CVOCs, in and around the Plaintiff's Subject Property to previously uncontaminated areas, according to proof at trial;

2. For damages against Defendants, jointly and severally, in an amount equal to all response costs, costs of repair, and all other costs incurred in investigating, removing, cleaning up and remediating the alleged hazardous substance contamination and associated injury to the Subject Property in an amount according to proof at trial;

3. For recovery, indemnification and contribution against Defendants, and each of them, for all response costs incurred or to be incurred in responding to and addressing public agencies, including but not limited to agency oversight costs, relating to the alleged hazardous substances contamination, according to proof at trial;

4. For recovery and damages against Defendants, jointly and severally, for all damage to the property, cost of repair and/or replacement of the property/premises, and parts thereof, and loss of enjoyment of property, according to proof at trial;

5. For compensatory damages, according to proof at trial;

6. For incidental and consequential damages, according to proof at trial;

7. For prejudgment interest at the legal rate;

8. For attorney's fees and costs to the extent recoverable by law;

9. For consultant's fees and costs;

10. For injunctive relief against Defendants, and each of them;

11. For a declaration that Defendants, and each of them, are jointly and severally liable for abating the alleged contamination;

12. For such other and further relief as this Court deems just and proper.

18
COMPLAINT

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Date:  May 5, 2020                              GREBEN & ASSOCIATES


  /s/     Jan A. Greben
Jan A. Greben
Christine M. Monroe
Attorneys for Plaintiff