UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN GATE WAY, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ENERCON SERVICES, INC., et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-03077-EMC (AGT)<br><br>**ORDER DENYING REQUEST FOR EMERGENCY DISCOVERY CONFERENCE** |

　　　Yesterday, defendant ERM-West Inc. emailed the undersigned's deputy clerk to request an emergency discovery conference. ERM explained that at noon, yesterday, the deadline passed for a nonparty, Robert Clark-Riddell, to respond to a subpoena to produce documents. ERM insisted that this missed deadline precipitated an emergency, because the company needs the documents in question before next Wednesday, when it is scheduled to depose Clark-Riddell. ERM also underscored that the deposition must take place before the parties' February 17, 2021, mediation.

　　　Clark-Riddell objected to ERM's subpoena a week ago, on January 20, 2021.[1] "Having objected, [he] [i]s not obligated to produce the subpoenaed documents, or even to search for them, until [ERM] obtain[s] an order directing compliance." *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983); *see also* Fed. R. Civ. P. 45(d)(2)(B)(ii). To obtain such an order, ERM cannot informally appeal to the Court. The company must file a motion to compel. *See* Fed. R. Civ. P. 45(d)(2)(B)(i).

　　　ERM can't avoid this rule by claiming that there isn't enough time to brief a motion to compel before next week's deposition. Rule 45 doesn't include an exigency exception. Nor should one be implied. The rule protects nonparties, who reasonably rely on it in deciding how

---

[1] With yesterday's email, ERM provided copies of the subpoena and Clark-Riddell's objections.

and when to respond to subpoenas. That reliance interest must be protected by the courts. *See Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery.") (citation omitted).

The emergency, to the extent it is characterized as that, also appears to be one of ERM's own making. Clark-Riddell signed his objections a week ago. If he also served them then, ERM could have moved to compel compliance with the subpoena last week. The parties also have had since last August to conduct discovery before the scheduled mediation. *See* August 27, 2020 Minute Order, ECF No. 45 (setting the parameters for pre-mediation discovery). With the mediation now close at hand, ERM may be under added pressure to gather relevant information. But that pressure appears to have been self-induced and doesn't justify appealing to the Court for emergency relief.

If Clark-Riddell stands by his objections, ERM will need to file a motion to compel. So that the dispute can be resolved before the scheduled mediation, the Court will consider a request for an expedited briefing schedule. But ERM's request for an emergency discovery conference is denied.

**IT IS SO ORDERED.**

Dated: January 28, 2021

ALEX G. TSE
United States Magistrate Judge