NEWMEYER & DILLION LLP
JOHN VAN VLEAR, CBN 132098
John.VanVlear@ndlf.com
JASON MOBERLY CARUSO, CBN 287809
Jason.Caruso@ndlf.com
895 Dove Street, Fifth Floor
Newport Beach, California 92660
(949) 854-7000; (949) 854-7099 (Fax)

Attorneys for Defendant and Counter-Claimant
ERM-West, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN GATE WAY, LLC, a California limited liability company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ENERCON SERVICES, INC., an Oklahoma corporation; ERM-West, Inc., a/k/a Environmental Resource Management, a California corporation; and Does 1-50, inclusive,<br><br>　　　　Defendants.<br><br>AND RELATED CROSS-ACTIONS. | CASE NO.:　　3:20-cv-03077-EMC<br><br>**JOINT STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT, ENTRY OF BAR ORDER, ALLOCATION OF SETTLEMENT FUNDS, AND APPLICATION OF PROPORTIONATE SHARE APPROACH**<br><br>[*Filed Concurrently with Declaration of Jason Moberly Caruso and [Proposed] Order*]<br><br>FILE DATE:　　May 5, 2020<br>TRIAL DATE SET:　No Date Set |



1    Plaintiff and Counter-Defendant GOLDEN GATE WAY, LLC ("GGW"), Defendant and
2 Counter-Claimant ERM-WEST, INC. ("ERM"), and Defendant and Counter-Claimant
3 ENERCON SERVICES, INC. ("ENERCON"), by and through their respective counsel
4 (collectively, the "Parties"), hereby stipulate as follows:
5    WHEREAS, commencing in 2009, GGW and its predecessors contracted with ERM to
6 conduct certain environmental response actions ("Work") related to volatile organic compounds
7 ("VOCs") in the subsurface related to dry cleaning operations at 3425 Golden Gate Way,
8 Lafayette, California ("Property");
9    WHEREAS, GGW is the current owner of the Property;
10    WHEREAS, also in 2009, GGW filed a federal action in the Northern District of
11 California entitled *Golden Gate Way, LLC v. Stewart et al.*, Case No. 4:09-cv-04458-DMR
12 against various defendants, which case was later dismissed and refiled in 2016 in Contra Costa
13 County Superior Court as *Golden Gate Way v. Monroe*, Case No. CIVMSC16-00775;
14    WHEREAS, in 2019, GGW filed another action entitled *Golden Gate Way v. Stewart*,
15 Case No. CIV-MSC19-00745, which was consolidated with the *Monroe* action.  (Collectively,
16 these cases are referred to herein as the "Prior Cases");
17    WHEREAS, the Prior Cases were ultimately resolved pursuant to confidential settlement
18 agreements;
19    WHEREAS, in 2011, the San Francisco Regional Water Quality Control Board adopted
20 Cleanup and Abatement Order No. R2-2011-0088 concerning the Property, naming GGW and
21 others as dischargers;
22    WHEREAS, by correspondence dated March 12, 2015, GGW thanked ERM for its
23 portion of the Work and terminated its contractual relationship with ERM;
24    WHEREAS, in May 2020, GGW commenced an action against ERM, ENERCON, and
25 various fictitiously-named defendants, styled *Golden Gate Way, LLC v. Enercon Services Inc., et
26 al.*, United States District Court, Northern District of California, case no. 3:20-CV-03077-EMC
27 ("Lawsuit");
28 / / /

1   WHEREAS, in the Lawsuit, GGW makes claims for cost recovery and contribution under
2   CERCLA; cost recovery, indemnification, and contribution under the California Hazardous
3   Substance Account Act; private and public nuisance; trespass; declaratory relief; express and/or
4   implied indemnity and/or contribution; and negligence, all related to allegations that ERM and
5   ENERCON failed in their duties as environmental consultants and through their respective Work
6   made the underlying contamination worse by, among other things, spreading it to previously
7   uncontaminated areas;

8   WHEREAS, ERM and ENERCON deny the allegations against them in the Lawsuit, and
9   both have filed counter-claims against GGW;

10  WHEREAS, ERM has asserted a series of defenses that ERM contends reduce and/or
11  eliminate its potential liability, including (1) since GGW is liable under CERCLA Section 107
12  (42 U.S.C. § 9607(a)), thus its recovery is limited to the respective equitable shares of liability (if
13  any) of ENERCON and ERM; (2) ERM's liability cannot exceed $1 million in the aggregate,
14  pursuant to the terms and conditions of its contract with GGW; (3) GGW's claims may be barred
15  by applicable statutes of limitations, given GGW was on inquiry notice of its claims against ERM
16  by March 12, 2015, yet GGW did not file suit until May 5, 2020; (4) GGW's claimed
17  environmental response costs were not incurred consistent with the National Contingency Plan as
18  required for recovery under CERCLA; and (5) GGW cannot establish that ERM breached any
19  applicable standard of care in the course of its Work;

20  WHEREAS, GGW denies these allegations;

21  WHEREAS, to avoid the costs and burdens of continued litigation, GGW and ERM now
22  wish to settle and compromise their respective claims in the Lawsuit, as well as any pending or
23  potential claims regarding ERM's Work, arising out of and/or relating to ERM's Work relating to
24  the Property;

25  WHEREAS, GGW and ERM entered into a settlement agreement with an effective date of
26  March 30, 2021 (the "Settlement Agreement"), a true and correct copy of which is attached to the
27  concurrently-filed Declaration of Jason Moberly Caruso as **Exhibit 1**;

28  / / /

WHEREAS, pursuant to the Settlement Agreement, provided all conditions precedent are met, ERM will cause GGW to be paid $385,000;

WHEREAS, among other things, the Settlement Agreement contains a condition that the Parties enter into and the Court approve without substantive modification the instant stipulation ("Stipulation"), which is to contain the following features: (1) confirmation that Section 6 of the Uniform Comparative Fault Act ("UCFA") -- the proportionate share approach -- is adopted in this Lawsuit as the method for the purpose of determining the appropriate offset for the Settlement Agreement and the settlements in the Prior Cases against GGW's remaining claims in the Lawsuit; (2) Court approval of the Settlement Agreement and confirmation that it is procedurally and substantively fair and was entered into in good faith under federal common law and California Code of Civil Procedure sections 877 and 877.6; (3) entry of a bar order as to any and all claims for contribution or indemnity against ERM arising out of or relating to the facts alleged in the Lawsuit, regardless of when such claims are asserted or by whom, and whether such claims are brought pursuant to any federal or state statute or federal or state common law; and (4) entry of an order that all funds paid to GGW pursuant to the Settlement Agreement will be allocated to the costs of GGW's continued investigation and remediation of the Property;

WHEREAS, absent this stipulation becoming an order of the Court, ENERCON intends to file CERCLA and state law contribution claims against ERM;

THEREFORE, IT IS HEREBY STIPULATED AS FOLLOWS:

1. That Section 6 of the UCFA is adopted in this Lawsuit as the method for the purpose of determining the appropriate offset for the Settlement Agreement and the settlements in the Prior Cases against GGW's remaining claims in the Lawsuit (i.e., any non-settling party's liability is reduced by ERM's and settling parties in the Prior Cases' proportionate share of liability, not by the amount of the settlement) (see *Acme Fill Corp. v. Althin CD Medical, Inc.*, 1995 WL 822664, at *2-*3 (N.D. Cal., Nov. 2, 1995));

2. That the Settlement Agreement is procedurally and substantively fair and was entered into in good faith pursuant to California Code of Civil Procedure sections 877 and 877.6,

taking into account the relevant factors[1] set forth in the California Supreme Court's opinion in *Tech-Bilt, Inc. v. Woodward-Clyde Associates*, 38 Cal.3d 488 (1985) ("*Tech-Bilt*");

3. That any and all claims for contribution or indemnity against ERM arising out of or relating to the facts alleged in the Lawsuit, regardless of when such claims are asserted or by whom, and whether such claims are brought pursuant to any federal or state statute or federal or state common law, are barred pursuant to Section 6 of the UCFA (see *Tyco Thermal Controls LLC v. Redwood Indus.*, 2010 WL 3211926, at *10 (N.D. Cal., Aug. 12, 2010));

4. That ERM agrees that it will not file any CERCLA or state law contribution or indemnity claims against ENERCON based on its settlement payment to GGW; and,

5. That all funds that ERM causes GGW to be paid pursuant to the Settlement Agreement are to be allocated to the costs of GGW's continued investigation and remediation of the Property.

IT IS SO STIPULATED.

Dated: April 2, 2021                                  NEWMEYER & DILLION LLP

                                                      By: */s/ Jason Moberly Caruso*
                                                          John Van Vlear
                                                          Jason Moberly Caruso
                                                          Attorneys for Defendant and Counter-
                                                          Claimant ERM-West, Inc.

Dated: April 2, 2021                                  VAN NESS FELDMAN LLP

                                                      By: */s/ Brian L. Zagon*
                                                          Brian L. Zagon
                                                          Allison E. McAdam
                                                          Attorneys for Defendant and Counter-
                                                          Claimant Enercon Services, Inc.

[Cont.]

---

[1] Those factors include a rough approximation of the total recovery and ERM's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds, a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial, and the absence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants. (*Tech-Bilt*, 38 Cal.3d at 499.)



1  Dated: April 2, 2021                       GREBEN & ASSOCIATES

                                              By: */s/ Christine M. Monroe*
                                                  Jan A. Greben
                                                  Christine M. Monroe
                                                  Attorneys for Plaintiff and Counter-
                                                  Defendant Golden Gate Way, LLC